**Maria Del Sagrario MEZA–LORETO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72168.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

Alejandro Garcia, Law Offices of Alejandro Garcia, Commerce, CA, for Petitioner.

Oil, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Maria Del Sagrario Meza–Loreto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Benyamin v. Holder,* 579 F.3d 970, 974 (9th Cir.2009). We deny the petition for review.

Meza–Loreto does not contend she suffered past persecution in Mexico. Substantial evidence supports the BIA's finding that, even if Meza–Loreto is a member of a particular social group, her fear of future persecution is not objectively reasonable. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (fear of future persecution too speculative). In addition, Meza–Loreto's claim that she fears persecution in Pakistan fails because that is not her country of nationality. *See* 8 U.S.C. § 1101(a)(42)(A).

Because Meza–Loreto failed to meet her burden to establish eligibility for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the BIA's denial of CAT relief because Meza–Loreto failed to demonstrate that it is more likely than not that she would face torture if returned to Mexico. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.